MARTIN ARMSTRONG *vs.* INHABITANTS OF WENDELL.

Under the Rev. Sts. c. 25, § 13, the only authority of a surveyor of highways to charge a town for repairs of a road, when the highway tax is insufficient therefor, is by employ ing other persons to make such repairs ; and those persons, and not the surveyor, may recover pay of the town for their labor.

ASSUMPSIT for work done by the plaintiff and his servants, in 1843, upon the highways in Wendell.   The action was commenced before a justice of the peace, who rendered judgment for the defendants ; whereupon the plaintiff appealed to the court of common pleas.   At the trial in that court, before *Cushing*, J. it appeared that the plaintiff was duly chosen and sworn as surveyor of highways in Wendell, for district No. 6, for the year commencing in April 1842.   The plaintiff produced, from the hands of the selectmen of Wendell, the highway rate bill, which was committed to him as such surveyor and which he had returned to said selectmen after his term of

office had expired. For the purpose of showing that the sums, assessed upon the persons whose names were borne on said rate bill, were worked out before the 15th of February 1843, the plaintiff introduced a witness, who testified that he saw and examined said rate bill, on that day, and that then bore the same marks and crosses which appeared on it when brought into court, and that all the names thereon were then crossed out. This witness (who had been a surveyor of highways) and others testified that the general custom in Wendell was, for the surveyors to make return of their highway rate bills thus crossed, without any further return or indorsement thereon ; that the crosses against the sums assessed indicated payment, and were so understood ; and that the officers of the town had settled with the surveyors upon such returns of highway rate bills. Another witness, introduced by the plaintiff, testified that, in the spring of 1843, the plaintiff returned to one of the selectmen of Wendell an account, in writing, of his over-work, and demanded payment therefor, and that said selectman told him that the selectmen had determined not to pay surveyors for over-work.

The plaintiff claimed ten dollars for over-work done upon the roads in district No. 6, between February 15th and April 1st, 1843, by himself, with his teams, sleds and ploughs, in removing obstructions in said roads, caused by drifts of snow. And there was evidence that work was so done, by the plaintiff, between said days, and that it was necessary work and of the value of ten dollars and upwards. Upon the evidence, the court ruled that the action could not be maintained. The plaintiff thereupon became nonsuit, and alleged exceptions to said ruling.

*Brainard,* for the plaintiff. The Rev. Sts. *c.* 25, § 3, make it the duty of a surveyor to remove or tread down snow that incumbers a road; and by *c.* 15, §§ 82, 83, he is liable to a penal action, and to an indictment, for neglect of that duty. The case of *Loker* v. *Inhabitants of Brookline,* 13 Pick. 343, is like this, in its facts ; but it was decided on *Sts.* 1786, *c.* 81, and 1796 *c.* 58. The case at bar rests on Rev. Sts. *c.* 25, § 13

*Davis & Alvord,* for the defendants. The plaintiff's evidence was not such as would warrant a jury to infer that there was "a deficiency, either of labor or money, in the amount appropriated for the repair of highways" in district No. 6. The rate bill was not returnable until July 1843, (Rev. Sts. *c.* 25, § 19,) and the crosses on the bill, if competent evidence at all, only tended to show that the plaintiff had collected the money, and not that it was expended on the roads. Rev. Sts. *c.* 25, § 11. *Cator* v. *Stokes,* 1 M. & S. 599. *First* v. *Miller,* 4 Bibb, 311. *Hathaway* v. *Goodrich,* 5 Verm. 65. *Davis* v. *Clements,* 2 N. Hamp. 390.

The Rev. Sts. *c.* 25, § 13, on which the action is founded do not authorize a surveyor to work on the roads himself, or to employ others to work on them, and recover pay of the town for himself. He may act in behalf of the town in employing laborers, but they are to look to the town for pay.

The decision was made at September term 1846.

SHAW, C. J. We do not see how the plaintiff has avoided the force of the suggestion that it does not appear that he had worked out the whole of his highway tax in February 1843. Suppose the evidence offered by him shows that the tax bill had been wholly collected at that time ; yet it does not appear that the amount had been expended, or that he had not money in hand. But we lay no great stress on this, because we think there is another point quite decisive. The rights and powers of surveyors of highways are regulated by statute, and a surveyor cannot, when he has expended his tax, proceed and do work on the roads, at his discretion, and charge the town. By force of the statute, he may bind the town, in case of deficiency either of labor or money, in the amount appropriated for the repair of highways, by his contract with a third person, to the amount of ten dollars. The words are, "he may employ any persons to make such repairs, and the persons so employed shall be paid therefor by the town ; provided that the sum so expended by any such surveyor shall not exceed ten dollars." Rev. Sts. *c.* 25, § 13. By this provision, it seems to us quite clear that his whole authority is,

to bind the town by his contract, he acting solely as their dis-interested agent. And it appears to us that there are good reasons for this. If he employs another person, on the author-ity of the town, he pledges his official responsibility for the existence of the exigency, and the fairness of the price; he acts exclusively for the town, and they have the benefit of his dis-interested judgment and official sense of duty as their agent.

It may be proper to add, that this provision of the revised statutes, authorizing the surveyor to bind the town by his contract, to the extent of ten dollars, has altered the law that was in force at the time of the decision of *Loker* v. *Inhabitant of Brookline,* 13 Pick. 350. *Nonsuit to stand.*